IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMMY W. BLANKENSHIP,                    )
AMANDA KAY VALES and                     )
DANIEL FARLEY, wrongful death            )
beneficiaries and next of kin of         )
SANDRA K. BLANKENSHIP, deceased,         )
                                         )
          Plaintiffs,                    )
                                         )
VS.                                      )          No. 05-1182-T/An
                                         )
MERCK & CO., INC., ET AL.,               )
                                         )
          Defendants.                    )

---

ORDER GRANTING MOTION TO STAY

---

Plaintiffs Timmy W. Blankenship, Amanda Vales and Daniel Farley, the wrongful

death beneficiaries and next of kin of the decedent, Sandra K. Blankenship, filed this action

in the Circuit Court of Gibson County, Tennessee, on June 3, 2005, against Merck and

Company, Inc., maker of the prescription drug known as Vioxx. Plaintiffs also named as

defendants certain local Merck sales representatives and pharmacists. Merck removed the

action to this Court on July 1, 2005, on the basis of diversity of citizenship, contending that

the non-diverse defendants were fraudulently joined in an attempt to defeat diversity

jurisdiction.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _____7/20/05_____

Also on July 1, 2005, Merck filed a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Eastern District of Louisiana as a "tag-along" action in MDL Proceeding No. 1657, In re Vioxx Product Liability Litigation. Plaintiffs filed a motion to remand the action to state court on July 15, 2005.

The MDL Panel issued the first Transfer Order establishing MDL-1657 on February 16, 2005. In that order, the Panel stated:

> The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Transfer Order, at 2 (J.P.M.L. Feb. 16, 2005).

The pendency of transfer to the MDL proceeding does not limit the authority of this Court to rule on the plaintiffs' motion to remand. See JPML R. 1.5. The decision whether to grant a stay is within the inherent power of the Court and is discretionary. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). Although some courts have opted to rule on pending motions to remand prior to the MDL Panel's decision on transfer, see, e.g., Kantner v. Merck & Co., Inc., No. 1:04CV2044-JDT-TAB, 2005 WL 277688 (S.D. Ind. Jan. 26, 2005), there are many more that have chosen to grant a stay, even if a motion to remand has

been filed. E.g., <u>Anderson v. Merck & Co., Inc.</u>, No. 4:05-cv-89 (E.D. Mo. Mar. 16, 2005); <u>McCrerey v. Merck & Co., Inc.</u>, No. 04-cv-2576 (S.D. Cal. Mar. 2, 2005); <u>Dixon v. Merck & Co., Inc.</u>, No. 05-0121 (S.D. Tex. Feb. 23, 2005).

There are several other Vioxx cases already pending in this district, and possibly thousands more in other districts. In many of those cases, the joinder of non-diverse defendants is contested and motions to remand have been or will be filed. Thus, the jurisdictional issues raised in this case are similar to those raised in other cases that have been or will be transferred to the MDL proceeding.

The Court finds that having the jurisdictional issues decided in one proceeding will promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiffs resulting from a stay would be minimal. However, in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.

For the foregoing reasons, Merck's motion to stay pending the MDL Panel's transfer decision is GRANTED. The motion to remand is deferred to the transferee court.

IT IS SO ORDERED.

_James D. Todd_

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_19 July 2005_

DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:05-CV-01182 was distributed by fax, mail, or direct printing on July 20, 2005 to the parties listed.

---

Charles C. Harrell
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

James L. &quot;Larry& Wright
JACKS LAW FIRM
111 Congress Ave.
Ste. 1010
Austin, TX 78701

Lawrence W. White
LEITNER WILLIAMS DOOLEY & NAPOLITAN
254 Court Ave.
Second Floor
Memphis, TN 38103

Steven G. Ohrvall
HILL BOREN- Jackson
1269 N. Highland Ave.
P.O. Box 3539
Jackson, TN 38303--353

R. Scott Vincent
LEITNER WILLIAMS DOOLEY & NAPOLITAN-Memphis
254 Court Ave.
Second Floor
Memphis, TN 38103

T. Robert Hill
HILL BOREN
1269 N. Highland Ave.
Jackson, TN 38303--053

Honorable James Todd
US DISTRICT COURT